UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ESTATE OF ICOLA B. HUNTER,<br>EDWARD HUNTER, JR.,<br>ADMINISTRATOR | CIVIL ACTION |
| VERSUS | NO: 18-9848 |
| WELLS FARGO HOME MORTGAGE | SECTION: "A" (1) |

## ORDER AND REASONS

The following motion is before the Court: **Second Motion to Dismiss (Rec. Doc. 16)** filed by defendant, Wells Fargo Bank, N.A. ("Wells Fargo").[1] Plaintiff, Edward Hunter, Jr., acting pro se, as administrator for the estate of Icola B. Hunter, opposes the motion. The motion, noticed for submission on June 26, 2019, is before the Court on the briefs without oral argument.

Wells Fargo re-urges its motion to dismiss for failure to state a claim.

On April 30, 2019, the Court denied Wells Fargo's first motion to dismiss in light of Plaintiff's pro se status. (Rec. Doc. 15) ("The Court declines to dismiss the case on the grounds asserted because even though Wells Fargo is correct in observing that no facts are alleged, Mr. Hunter is unrepresented."). That denial included a detailed order and

---

[1] Wells Fargo Home Mortgage no longer exists as a separate and independent legal entity, having been merged into Wells Fargo Bank, N.A. in 2004. (Rec. Doc. 9 at 1 n.1).
 The complaint also purports to join a Wells Fargo employee, Ms. Kelly Casey, as a defendant. After reviewing the documents that Plaintiff attached to his opposition, the Court has learned that Ms. Casey's name appears on correspondence that Wells Fargo sent to Plaintiff from the Customer Care and Recovery Group. Giving Plaintiff's complaint the broadest of constructions the Court can discern no legal basis for taking legal action against Ms. Casey.

reasons. As part of that order, the Court instructed Wells Fargo to produce to Mr. Hunter an itemized statement of Mrs. Hunter's loan account with all payment activity from January 1, 2013 through June 30, 2018. The Court also explained that Wells Fargo would be allowed to file a second motion to dismiss once Mr. Hunter had the opportunity to review the materials. The Court was clear, however, that it was not suggesting that anything untoward happened with Mrs. Hunter's loan. (*Id*. at 6). Wells Fargo complied with the production.

Wells Fargo argues once again that the pleadings are bereft of any factual support for any type of claim including conversion. The Court agrees. And while Plaintiff has attached more financial statements to his opposition, the Court can discern no basis for the claims against Wells Fargo.[2]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Second Motion to Dismiss (Rec. Doc. 16)** filed by defendant, Wells Fargo Bank, N.A. is **GRANTED**. Plaintiff's complaint is dismissed with prejudice.

June 26, 2019

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] When considering a motion to dismiss the district court ordinarily cannot consider materials outside of the complaint without providing notice that it will convert the motion to one for summary judgment. *Rodriguez v. Rutter*, 310 Fed. Appx. 623, 626 (5th Cir. 2009) (unpublished). The plaintiff in this case is without counsel. If the Court had been able to glean anything from Plaintiff's submissions that were favorable to his case so as to avoid dismissal at this juncture, then the Court would have provided Wells Fargo with notice and allowed it to further support its motion.